UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-237 WL |
| | ) | |
| MR. YANCEY, MR. HUFF, MS. MAYES, and MS. TAYLOR, | ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Jerome Williams, a pro se prisoner, filed an amended complaint in 3:15-CV-428 containing unrelated claims. An order in that case directed that this case be opened so that he could proceed on his related claims against Mr. Yancey, Mr. Huff, Ms. Mayes, and Ms. Taylor that they retaliated against him because he filed a lawsuit against the former superintendent. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "To prevail on his First Amendment retaliation claim, [Mr. Williams] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

Here, Williams alleges that on July 31, 2015, Captain Yancy retaliated against him by placing him in segregation with limited privileges after he stabbed another inmate. He alleges that Lt. Huff retaliated by taking his typewriter when he was placed in segregation. He alleges that Case Manager Mayes retaliated on August 7, 2015, by rejecting his grievance about being placed in segregation because placement in segregation is not a grievable subject. He alleges she also retaliated on September 20, 2015, by refusing to allow him to send a package to the NAACP as legal mail using indigent legal postage paid for by the prison. He alleges that on August 10, 2015, Case Manager Taylor refused to allow him to assert a self-defense argument during his prison disciplinary hearing.

None of these facts state a claim because Williams has not pleaded sufficient facts to show that any of these defendants were in any way motivated to act because he had sued the former superintendent. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief.'" *Iqbal* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Such is the case here. Mr. Williams has not alleged facts from which it can be plausibly inferred that Captain Yancy, Lt. Huff, Case Manager Mayes, or Case Manager Taylor personally knew about the previous lawsuit. If they did not know about that case, they could not have been motivated to retaliate against Mr. Williams because of it. Also, he has not alleged facts from which it can be reasonably inferred that any of these defendants acted differently than they would for any other inmate. Specifically, he has not plausibly alleged that it was not routine for an inmate who had stabbed another inmate to be placed in segregation with limited property and privileges. He has not plausibly alleged that placement in segregation was a grievable subject or that other inmates were permitted to use indigent legal postage paid for by the prison to write to the NAACP. Nor has he plausibly alleged that the rejection of his self-defense argument was an act of retaliation because "inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). If these defendants applied the rules to Mr. Williams in the same way they did for other inmates, it would not be reasonable to infer that they were acting out of retaliatory animus. Without facts showing

that these defendants were motivated to retaliate against him because of the former lawsuit, his allegations against these defendants do not state a claim.

Nevertheless it is possible that Mr. Williams has additional facts which he did not include in this amended complaint. Therefore he will be given the opportunity to file one more amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). This amended complaint must be limited to his claims that Mr. Yancey, Mr. Huff, Ms. Mayes, and Ms. Taylor retaliated against him because he filed a lawsuit against the former superintendent. If he files another amended complaint, he needs to provide facts – not guesses, speculation, or legal conclusions. If Mr. Williams has no additional facts to add, he should not file an amended complaint. If he does have additional facts, he can obtain a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – from the prison law library.

For these reasons, Jerome Williams is **GRANTED** until April 20, 2017, to file an amended complaint and **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED.

ENTERED: March 28, 2017

                                                  s/William C. Lee  
                                                  William C. Lee, Judge  
                                                  United States District Court